1  Robert P. Goe – SBN 137019
   Rafael R. Garcia-Salgado – SBN 283230
2  **GOE FORSYTHE & HODGES LLP**
   18101 Von Karman Ave., Ste. 1200
3  Irvine, CA 92612
   RGoe@goeforlaw.com
4  RGarcia@goeforlaw.com
   Telephone:  (949) 798-2460
5  Facsimile:  (949) 955-9437

6  Attorneys for PH DIP, Inc.

7

8              **UNITED STATES BANKRUPTCY COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

10

11  In re:                                    Case No.  2:18-bk-15972-WB

12  PH DIP, INC.,                             Chapter 11 Case

13       Debtor and Debtor in Possession.     Adv. Case No.: 2:20-ap_____-WB

14  PH DIP, INC.,                             **COMPLAINT FOR:**

15  Plaintiff,                                1. **AVOIDANCE AND RECOVERY**
                                                 **OF INTENTIONAL**
16  v.                                           **FRAUDULENT TRANSFERS;**

17  TESLA, INC., a Delaware Corporation dba   2. **AVOIDANCE AND RECOVERY**
    TESLA MOTORS, INC.; HSBC BANK USA,           **OF CONSTRUCTIVE**
18  N.A.; LONE OAK FUND, LLC, a California       **FRAUDULENT TRANSFERS;**
    Limited Liability Company; and COMPUTER
19  MORTGAGE CORPORATION, a California         3. **AVOIDANCE AND RECOVERY**
    Corporation.                                 **OF CONSTRUCTIVE**
20                                               **FRAUDULENT TRANSFERS;**
         Defendants.
21                                             4. **RECOVERY OF CONSTRUCTIVE**
                                                 **FRAUDULENT TRANSFERS;**
22
                                              5. **AVOIDANCE AND RECOVERY**
23                                               **OF PROPERTY OF THE**
                                                 **BANKRUPTCY ESTATE; AND**
24
                                              6. **DISALLOWANCE OF CLAIMS**
25

26

27

28

                                1

1    PH DIP, Inc., formerly known as Playhut, Inc., a California Corporation, the Debtor and

2    Debtor-in-Possession (the "Debtor" or "Playhut" or "Plaintiff") and Plaintiff in this adversary

3    proceeding, respectfully represents and alleges as follows:

### I.    JURISDICTION AND VENUE

5    1.    This Court has jurisdiction to adjudicate the issues raised in this adversary

6    proceeding under 28 U.S.C. § 1334 because the claims asserted herein arise under title 11 of the

7    United States Code or arise in or relate to the Chapter 11 case of the debtor and debtor-in-

8    possession, PH DIP, Inc., currently pending in the Bankruptcy Court as Bankruptcy Case 2:18-bk-

9    15972-WB (the "Playhut Bankruptcy Case"). The outcome of this adversary proceeding will have

10    a significant effect on the bankruptcy estate because it will impact the disposition of property of

11    the estate and the amount of money available for distribution to creditors.

12    2.    This action is a core proceeding under 28 U.S.C. § 157(b).

13    3.    Pursuant to FRBP 7008, the Debtor consents to the Bankruptcy Court entering final

14    judgment and order. Each Defendant is hereby notified that FRBP 7008(a) requires each

15    Defendant to plead whether the claims for relief alleged against such Defendant are core or non-

16    core and, if non-core, whether consent is given to the entry of final orders and judgment by the

17    Bankruptcy Court.

18    4.    This adversary proceeding involves property worth more than $1,000 and does not

19    involve a consumer debt.  Venue in this judicial district is appropriate under 28 U.S.C. §§ 1408

20    and 1409(a) and/or (c) because Debtor's bankruptcy case is pending in the Central District of

21    California.

### II.    THE PARTIES

23    5.    The Debtor is a corporation organized under the laws of the State of California.

24    6.    On May 24, 2018 (the "Petition Date"), the Debtor filed for bankruptcy protection

25    under chapter 11 of the Bankruptcy Code.

26    7.    On December 3, 2018 an Order was entered granting the Debtor's *Motion for*

27    *Order Authorizing Change in Case Caption*, in accordance with the name change of Playhut, Inc.,

28    to PH DIP, Inc. [Docket No. 266].

2

1      8.      The Debtor is operating its business and managing its affairs as a debtor-in-

2  possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3      9.      On and before the Petition Date, and continuing to the present, Defendant Tesla

4  Motors, Inc. ("Tesla") was a corporation organized under the laws of Delaware.  Pre-petition,

5  Tesla was the lienholder of the vehicle belonging to Yu "Brian" Zheng ("Zheng"), the Debtor's

6  sole shareholder.  At all relevant times, Tesla was an entity for whose benefit certain recoverable

7  transfers alleged in this Complaint were made and/or an immediate or mediate transferee of such

8  recoverable transfers.

9      10.      Defendant HSBC Bank USA, National Association ("HSBC") is a federally

10  chartered national bank formed under the laws of the United States of America.  HSBC holds a

11  mortgage against Zheng's primary residence, located at 19901 Tennessee Trail, Walnut California.

12  At all relevant times, HSBC was an entity for whose benefit certain recoverable transfers alleged

13  in this Complaint were made and/or an immediate or mediate transferee of such recoverable

14  transfers.

15      11.      Defendant Lone Oak Fund, LLC ("Lone Oak") is a California Limited Liability

16  Company that holds a mortgage against Zheng's primary residence, located at 19901 Tennessee

17  Trail, Walnut California.  At all relevant times, Lone Oak was an entity for whose benefit certain

18  recoverable transfers alleged in this Complaint were made and/or an immediate or mediate

19  transferee of such recoverable transfers.

20      12.      Defendant Computer Mortgage Corporation ("CMC") is a corporation formed

21  under the laws of the state of California.  CMC holds a mortgage against Zheng's primary

22  residence, located at 19901 Tennessee Trail, Walnut California.  At all relevant times, CMC was

23  an entity for whose benefit certain recoverable transfers alleged in this Complaint were made

24  and/or an immediate or mediate transferee of such recoverable transfers.

### III.  GENERAL ALLEGATIONS

26      13.      The allegations contained in paragraphs 1-12, inclusive, are re-alleged and

27  incorporated herein by this reference, as though set forth in full.

28

1    14.    Founded in 1992, Playhut became a leader in the toy industry, producing toys that

2    allowed children to play in imaginative and educational ways, including indoor and outdoor play

3    structures, baby structures, dolls, and plushes that incorporated interactive features such as games

4    and themed environments. With licenses from Disney, Nickelodeon, Sesame Street, and others

5    that allowed Playhut to put their images on its play structures, Playhut grew into a toy producer

6    with significant market share of toy structures and other products for primarily the toddler age

7    range. Playhut had relationships with major retailers such as Wal-Mart, Canadian Tire, T.J. Maxx,

8    Walgreens, and Amazon.

9    15.    At the head of Playhut was its founder, sole shareholder, President, and Chief

10    Executive Officer, Zheng, who was ultimately responsible for overseeing the day-to-day business

11    operations and financial performance of Playhut and who was involved in supervising all aspects

12    of Playhut's financial affairs.

13    16.    During the four years leading up to the Petition Date, Zheng was causing Playhut to

14    pay millions of dollars to third parties for his personal benefit and/or on behalf of his personal

15    obligations.

16    17.    Utilizing funds transferred from Playhut prior to the Petition Date, Zheng was able

17    to and did maintain an extravagant lifestyle, including several luxury cars, a multi-million dollar

18    11,000-square-foot home, and the like.

19    18.    According to Playhut's *Schedules of Assets and Liabilities*, its assets totaled

20    approximately $4 million while its liabilities totaled approximately $21 million.

21    19.    The Debtor made multiple pre-petition transfers (the "Pre-Petition Transfers") of

22    property to each Defendant.  The Pre-Petition Transfers were all made solely for the benefit of

23    Zheng in order to pay down the liens against his personal vehicle and his primary residence.  The

24    Pre-Petition Transfers had no relationship to the Debtor or its legitimate business.  The Pre-

25    Petition Transfers were as follows:

26        $21,132.50 to Lone Oak on each of May 1, June 1, July 3, August 1, and October 5,

27            2017;

28        $13,837.35 to HSBC on each of October 5, 2017, November 10, 2017, and

1    December 8, 2017, as well as January 5, February 8, March 8, and April 12, 2018;

2    $8,492.92 to CMC on December 13, 2017, as well as on each of January 3,

3    February 6, March 8, April 9, and May 11, 2018.

4    $2,493.36 to Tesla on each of October 2, November 1 and December 1, 2017,

5    January 2, February 2, March 2, April 2, and May 2, 2018.

6    20.    In all, in terms of Pre-Petition Transfers, Tesla received $19,946.88.    CMC

7    received $50,957.52.  HSBC received $96,861.45.  Lone Oak received $84,530.

8    21.    The Debtor's payments to HSBC, Lone Oak, CMC, and Tesla were made solely for

9    the benefit of Zheng and his relatives, and had no relationship to the Debtor's business or affairs.

10    **IV.   FIRST CLAIM FOR RELIEF**

11    **(All Defendants – Avoidance and Recovery of Intentional Fraudulent Transfers Pursuant to**

12    **11 U.S.C. §§ 502(d), 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07, 3439.08)**

13    22.    The allegations contained in paragraphs 1 through 21, inclusive, are re-alleged and

14    incorporated herein by this reference as though set forth in full herein.

15    23.    During the four-year period immediately preceding the Petition Date, Zheng caused

16    Playhut to make the Pre-Petition Transfers to or for the benefit of Defendants.

17    24.    The Pre-Petition Transfers were made by Playhut, at Zheng's direction, with the

18    actual intent to hinder, delay, or defraud its creditors. Specifically, Zheng caused Playhut to make

19    these Pre-Petition Transfers to or for the benefit of the Defendants to fund Zheng's opulent

20    personal lifestyle and personal proclivities and residence, and not to sustain or promote the

21    business of Playhut, even though he knew or consciously or recklessly chose to ignore the facts

22    known to him that strongly suggested that Playhut was in dire financial straits and was

23    undercapitalized, insolvent and unable to pay its debts as they became due in the ordinary course

24    of business.

25    25.    Defendants did not take any of the Pre-Petition Transfers for a reasonably

26    equivalent value and/or did not take such Pre-Petition Transfers in good faith. Specifically, the

27    Defendants: (a) knew or consciously or recklessly chose to ignore facts known to them that

28    strongly suggested that they were being paid by Playhut because the transfers were identified as

1    emanating from that entity; (b) knew or consciously chose to ignore facts known to them that

2    strongly suggested that the services, if any, that Defendants provided in exchange for those

3    payments were not for Playhut but rather were for Zheng; and (c) knew or consciously or

4    recklessly chose to ignore facts known to them that strongly suggested the services, if any,

5    provided by them for such payments conferred no or less than substantially equivalent value upon

6    Playhut.

7        26.    The Pre-Petition Transfers were made either in anticipation of bankruptcy and/or to

8    prevent the Debtor from paying its debts.

9        27.    The Pre-Petition Transfers were made for the purpose of preventing a prospective

10    bankruptcy trustee and/or creditors of the Debtor from obtaining the value of the Transfers.

11        28.    The Pre-Petition Transfers were made with the actual intent to hinder, delay, or

12    defraud creditors, including the Debtor.

13        29.    At all relevant times, the Transfers were voidable under Cal. Civ. Code §§

14    3439.04(a) and 3439.07 by one or more creditors who held and hold unsecured claims against

15    Playhut that were and are allowable against its estate under 11 U.S.C. § 502, or that were not and

16    are not allowable only under 11 U.S.C. § 502(e).

17        30.    The Transfers were fraudulent transfers avoidable under 11 U.S.C. §§ 544 and 548

18    and California Civil Code §§ 3439.04, 3439.07, and 3439.09.  The Debtor may recover for the

19    benefit of the estate the Transfers, or the value of the Transfers, from Defendants, or any

20    immediate or mediate transferee of the Defendants, pursuant to 11 U.S.C. §§ 548, 550, and 551.

## V.    SECOND CLAIM FOR RELIEF

**(All Defendants – Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b), 548, 550(a), 551; California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.08, 3439.09)**

25        31.    The allegations contained in paragraphs 1 through 30, inclusive, are re-alleged and

26    incorporated herein by this reference as though set forth in full herein.

27        32.    At all relevant times within the four years immediately preceding the Petition Date,

28    Playhut: (a) was insolvent, or became insolvent as a result of the Pre-Petition Transfers; (b) was

6

1  engaged in or was about to engage in a business or a transaction for which its remaining assets

2  were unreasonably small in relation to the business or transaction; or (c) intended to incur, or

3  believed or reasonably should have believed that it would incur, debts beyond its ability to pay as

4  they became due.

5      33.   At all relevant times, the Pre-Petition Transfers were voidable under Cal. Civ. Code

6  §§ 3439.04(b) or 3439.05 and Cal Civ. Code § 3439.07 by one or more creditors who held and

7  hold unsecured claims against Playhut that were and are allowable against its estate under 11

8  U.S.C. § 502 or that were not and are not allowable only under 11 U.S.C. § 502(e).

9                    **VI.   THIRD CLAIM FOR RELIEF**

10  **(All Defendants – Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant**

11              **to 11 U.S.C. §§ 548(a)(1)(B) and 550(a))**

12      34.   The allegations contained in paragraphs 1 through 33, inclusive, are re-alleged and

13  incorporated herein by this reference as though set forth in full herein.

14      35.   Defendants did not take any of the Pre-Petition Transfers for a reasonably

15  equivalent value and/or did not take such Pre-Petition Transfers in good faith.

16      36.   At all relevant times within the four years immediately preceding the Petition Date,

17  Playhut: (a) was insolvent, or became insolvent as a result of the Transfers; (b) was engaged in or

18  was about to engage in a business or a transaction for which its remaining assets were

19  unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed

20  or reasonably should have believed that it would incur, debts beyond its ability to pay as they

21  became due.

22                    **VII.   FOURTH CLAIM FOR RELIEF**

23  **(All Defendants – Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §**

24                         **550(a)(2))**

25      37.   The allegations contained in paragraphs 1 through 36, inclusive, are re-alleged and

26  incorporated herein by this reference as though set forth in full herein.

27      38.   To the extent that the Defendants, named and unnamed, are not the initial

28  transferees of the Pre-Petition Transfers and/or Post-Petition Transfers, such Defendants are

7

1   immediate or mediate transferees of the initial transferee of such payments.

2        39.    To the extent that the Defendants, named and unnamed, are the immediate or

3   mediate transferees of the initial transferee of the Pre-Petition Transfers, such Defendants did not

4   take such transfers for value and/or in good faith and/or without knowledge of the avoidability of

5   such Pre-Petition Transfers.

6        40.    Each of the Pre-Petition Transfers referred to in this claim for relief is recoverable

7   from such Defendants, named and unnamed, as an immediate or mediate transferee of the transfers

8   Zheng caused Playhut to make to the initial transferees thereof.

9             **VIII.  FIFTH CLAIM FOR RELIEF**

10       **(All Defendants – Avoidance and Recovery of Property of the Bankruptcy Estate)**

11        41.    The allegations contained in paragraphs 1 through 40, inclusive, are re-alleged and

12   incorporated herein by this reference as though set forth in full herein.

13        42.    Defendants are in possession of the property received through the Pre-Petition

14   Transfers.

15        43.    As the subject of the Pre-Petition Transfers is property of the bankruptcy estate

16   pursuant to 11 U.S.C. § 541, pursuant to 11 U.S.C. §§ 542 and 550, the Debtor is entitled to

17   turnover of its interest in the Pre-Petition Transfers, and/or the value of its interest in the Pre-

18   Petition Transfers.

19        44.    Once the Pre-Petition Transfers are recovered, pursuant to 11 U.S.C. § 551, the

20   Pre-Petition Transfers are preserved for the benefit of the estate.

21             **IX.  SIXTH CLAIM FOR RELIEF**

22      **(All Defendants – Disallowance of All Claims Pursuant to 11 U.S.C. §§ 502(d) and (j))**

23        45.    The Debtor realleges and incorporates herein by reference each and every

24   allegation contained in paragraphs 1 through 44 as though set forth here in full.

25        46.    Defendants are entities from which property is recoverable under 11 U.S.C. § 550.

26        47.    Defendants are transferees of the above-described Pre-Petition Transfers and/or

27   Post-Petition Transfers, which are avoidable under 11 U.S.C. §§ 548 and 549.

28

48.     Defendants have not paid the amount of the Preferential Transfers, or turned over such property, for which Defendants are liable under 11 U.S.C. § 550.

49.     Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendants and/or their assignees against the Debtor's estate must be disallowed until such time as Defendants pay to the Debtor an amount equal to the aggregate amount of all of the avoided Pre-Petition Transfers, plus interest thereon and costs.

50.     Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendants, and/or their assignees, against the Debtor's estate previously allowed by the Debtor must be reconsidered and disallowed until such time as Defendants pay to the Debtor an amount equal to the aggregate amount of all of the Pre-Petition Transfers which have been avoided under 11 U.S.C. § 550.

**WHEREFORE**, the Debtor prays for judgment against Defendants as follows:

**AS TO THE DEBTOR'S FIRST THROUGH FIFTH CLAIMS FOR RELIEF:**

1.  For avoidance and recovery of the Pre-Petition Transfers;

2.  That the avoided Pre-Petition Transfers be preserved for the benefit of the Debtor's bankruptcy estate;

3.  For turnover of the Pre-Petition Transfers or their equivalent value;

4.  For interest as permitted by law from the date of the Pre-Petition Transfers;

**AS TO THE DEBTOR'S SIXTH CLAIM FOR RELIEF:**

5.  For an Order disallowing, in accordance with 11 U.S.C. §§ 502(d) and (j), any claims held by Defendants and/or their assignees until Defendants satisfy the judgment being granted in this action.

**AS TO ALL CLAIMS FOR RELIEF:**

6.  For costs of suit incurred herein, including, without limitation, attorney's fees;

7.  For interest at the legal rate on all damages and sums awarded to Plaintiff; and

8.  For such other and further relief as the Court may deem just and proper.

///

///

9

1

2

3    Dated: May 21, 2020                                    GOE FORSYTHE & HODGES LLP

4
                                                            By: /s/Robert P. Goe
5                                                                Robert P. Goe
                                                                 Rafael R. Garcia-Salgado
6                                                                Counsel to PH DIP, Inc., Debtor and
                                                                 Debtor in Possession
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe - State Bar No. 137019<br>Rafael R. Garcia-Salgado - State Bar No. 283230<br>GOE FORSYTHE & HODGES LLP<br>18101 Von Karman Avenue, Suite 1200<br>Irvine, CA 92612<br>RGoe@goeforlaw.com<br>RGarcia@goeforlaw.com<br>Phone:     (949)798-2460<br>Facsimile: (949) 955-9437<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>PH DIP, INC.,<br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-15972-WB<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: 2:20-ap- |
|---|---|
| PH DIP, INC.,<br><br><br><br><br>Plaintiff(s)<br>Versus<br>TESLA, INC., a Delaware corporation dba TESLA MOTORS, INC.; HSBC BANK USA, N.A; LONE OAK FUND, LLC, a California limited liability company; and COMPUTER MORTGAGE CORPORATION, a California corporation,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____ | **Address:** |
|---|---|
| **Time:** _____ | ☐  255 East Temple Street, Los Angeles, CA 90012 |
| **Courtroom:** _____ | ☐  3420 Twelfth Street, Riverside, CA 92501 |
| | ☐  411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐  1415 State Street, Santa Barbara, CA 93101 |
| | ☐  21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                      Page 2                                      **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


_____          _____
*Date*                         *Printed Name*                                         *Signature*

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.